UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 25-CR-41-GFVT

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                           PLEA AGREEMENT

ALAIA WASHINGTON                                                      DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute a mixture or substance containing a detectable amount of fentanyl, and Count 5 of the Indictment charging a violation of 21 U.S.C. § 841(a)(1), distribution of a mixture or substance containing a detectable amount of fentanyl.

2. The essential elements of Count 1 of the Indictment are:

    (a) That two or more persons conspired or agreed to distribute a mixture or substance containing a detectable amount of fentanyl;

    (b) That at some time during the existence of the agreement, the Defendant knew the purpose of the agreement, and then deliberately joined the agreement.

3. The essential elements of Count 5 of the Indictment are:

    (a) That the Defendant knowingly and intentionally distributed a quantity of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance under federal law, to another; and

    (b) That the Defendant knew that the substances were controlled substances.

4. As to Counts 1 and 5 of the Indictment relating to this Defendant, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

 (a) Beginning in February 2024, officers with the HIDTA/Madison County Drug Task Force, received information that Ramone Wells was distributing fentanyl in Fayette County, in the Eastern District of Kentucky. During the investigation into Wells' suspected drug activity, law enforcement identified two residences associated with Wells. Law enforcement identified a primary residence for Wells as a house on Whispering Hills and another possible stash house at 738 N. Broadway, Fayette County, in the Eastern District of Kentucky. Utilizing a confidential informant, law enforcement purchased fentanyl from Wells on February 8, 2024, and February 20, 2024.

 (b) On March 21, 2024, the confidential informant arranged to purchase an ounce of fentanyl from Wells. During surveillance, detectives observed Wells coming and going from the N. Broadway residence. Wells makes contact with the confidential informant to change the location of the meet. Detectives observe a female, later identified as Alaia Washington, exit the Broadway residence and meet with the informant at an agreed-upon location. Washington transferred the suspected fentanyl to the informant in exchange for the buy money. The suspected fentanyl was submitted to the KSP lab for testing and was found to contain 27.944 grams of fentanyl. Washington returned to the Broadway residence.

 (c) Search warrants were obtained for 738 N. Broadway and 485 Whispering Hills. During the search at N. Broadway, officers located, among other items, two high tech presses, a Glock 23 with an extended magazine, a rifle drum magazine, scales, ammunition, and a .40 caliber handgun. In the residence, officers located identification of Alaia Washington and her juvenile child. At Whispering Hills, officers located a Glock 30, a .45 caliber handgun, and $35,120 cash. $1420 was determined to be documented buy money used on previous buys (from the 2/20/24 and 3/21/24 transactions). The cash was located in various concealed areas in the residence.

 (d) Between February 2024, and April 2024 Washington admits that she agreed with one or more persons named in the Indictment to distribute fentanyl to other people. Washington further admits that the quantity of controlled substances attributable to her by her own conduct, or by the conduct of other conspirators that was reasonably foreseeable to her as a member of the drug conspiracy, was at least 24 grams of fentanyl.

5.  The statutory punishment for Counts 1 and 5 is imprisonment for not more than 20 years, a fine of not more than $1,000,000 and a term of supervised release of not less than 3 years. A mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 2D1.1(c)(10), the base offense level for Counts 1 and 5 is at least 20 because the amount of fentanyl was at least 24 grams but less than 32 grams.
>
> (c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7.  No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8.  As set forth in paragraph 6(b), the parties agree that pursuant to U.S.S.G. § 2D1.1(c)(10), the base offense level for Counts 1 and 5 is at least 20 because the amount of fentanyl was at least 24 grams but less than 32 grams. The United States asserts that the amount of fentanyl drug quantity reasonably foreseeable to the Defendant as relevant

drug quantity is greater than 32 grams of fentanyl. The Defendant disagrees and reserves the right to challenge any attributable drug quantity above 32 grams of fentanyl.

9. The United States asserts that pursuant to U.S.S.G. § 2D1.1(b), the offense level for Counts 1 and 5 is increased by 2 levels because a dangerous weapon was possessed. The Defendant disagrees and reserves the right to challenge any application of U.S.S.G. § 2D1.1(b).

10. The Defendant will not file a motion for a decrease in the offense level based a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

11. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

12. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment and any other property seized as part of the criminal investigation. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and criminal violations, including the offenses to which he is pleading guilty as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary

for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that she already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or timing of forfeiture orders. The Defendant also waives her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

13. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation and the Defendant's arrest, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse,

nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for

6

offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

16. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

17. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

18. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

19. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 10/3/2025    By: *[signature]* for
Cynthia T. Rieker
Assistant United States Attorney

Date: 10-2-25    *[signature]* Alaia Washington

                                Alaia Washington
                                Defendant

Date: 10/2/25

                                Patrick N. Nash
                                Attorney for Defendant