**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO.  25-CR-41-GFVT**

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**V.**                                     <u>**PLEA AGREEMENT**</u>

**ATLAS YOUNG**                                                                      **DEFENDANT**
  **aka TRAP**

\* \* \* \* \*

1.      Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute 40 grams or more of fentanyl.

2.      The essential elements of Count 1 of the Indictment are:

   (a)    That two or more persons conspired or agreed to distribute 40 grams or more of fentanyl;

   (b)    That at some time during the existence of the agreement, the Defendant knew the purpose of the agreement, and then deliberately joined the agreement; and

   (c)    That the amount of fentanyl was 40 grams or more.

3.      As to Count 1 of the Indictment relating to this Defendant, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

   (a)    In November 2023, investigators received information regarding the drug trafficking activities of one or more individuals. During the investigation, law enforcement identified an apartment on Manna Drive, in Madison County,

being utilized for drug activity.

(b)    Madison County investigators began to conduct surveillance at the identified apartment on Manna Drive, in the Eastern District of Kentucky. On multiple occasions, investigators observed Atlas Young and others coming and going from the apartment. Later, investigators learned that the apartment was leased to a female who was later identified as a person connected to Wells. During the surveillance, law enforcement surveilled Young and others leaving the apartment and observed short stops, at multiple locations, meeting with known drug users, suspected drug dealers, and unknown individuals. They would then return to the Manna Drive location. Investigators also observed multiple people arrive at the Manna Drive apartment, stay for short periods, and leave. All of the activity observed was consistent with drug trafficking.

(c)    On December 13, 2023, investigators observed Young and another known individual leave Manna Drive and travel to an address on Moberly Avenue in Madison County. After staying a short period of time, Young and the other individual traveled to a residence in Lexington, KY.

(d)    On December 14, 2023, the investigation regarding Manna Drive culminated in several traffic stops and a search warrant of the Manna Drive apartment. During one of the traffic stops officers located approximately 21.6 grams of a substance believed to be fentanyl in 34 individual plastic bag corners. The substances were submitted to the Kentucky State Police Laboratory for testing. One exhibit was found to contain .865 grams of a fentanyl/heroin mixture. The second exhibit, weighing 19.35 grams, was not tested, but is consistent with a fentanyl/heroin mixture.

(e)    On the same day, December 14, 2023, after continued surveillance, at approximately 7:53 pm, officers stopped another vehicle associated with Manna Drive. The front seat passenger was identified as Atlas Young. Young was arrested on an outstanding warrant. During a search of Young, officers located multiple bags of narcotics in various areas of Young's clothing. The substances were believed to be fentanyl and cocaine. Young was also in possession of $1,871 in cash. The substances were submitted to the Kentucky State Police Laboratory for testing and found to contain 10.403 grams of fentanyl and 1.471 grams of cocaine.

(f)    A search warrant was obtained for the Manna Drive residence. During the search of the apartment, in the downstairs bathroom/laundry room, officers located approximately 98 grams packaged in 157 small bags of suspected heroin and 50 grams, packaged in 86 smaller bags of suspected fentanyl. In the

2

kitchen, officers located a small amount of white powder believed to be a narcotic, a cutting agent, marijuana, and a silver press with powder residue.

(g)    The suspected narcotics were sent to the Kentucky State Police Laboratory and found to contain 83.936 grams of fentanyl and 4.272 grams of cocaine.

(h)    Between November 2023, and December 2023 Young admits that he agreed with one or more persons named in the Indictment to distribute 40 grams of more of fentanyl to other people.

4. The statutory punishment for Count 1 is imprisonment for not less than 5 years nor more than 40 years, a fine of not more than $5,000,000 and a term of supervised release not less than 4 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5.    Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a)    The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

(b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and all provided discovery materials.

(c)    Pursuant to U.S.S.G. § 2D1.1 (c)(8), the offense level for Count 1 is 24 because the converted drug quantity is at least 100 KG but less than 400 KG.

(d)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

3

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the higher of the advisory sentencing guidelines range as determined by the Court at sentencing or the statutory minimum sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment and any other property seized as part of the criminal investigation. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and criminal violations, including the offenses to which he is pleading guilty as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the

4

assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation and the Defendant's arrest, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the

Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12.    The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and

agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: Oct 8, 2025          By: _____
                               Cynthia T. Rieker
                               Assistant United States Attorney

7

Date: 10/3/25      Atlas Young
                                               Defendant

Date: 10/4/25      Scott Hayworth
                                               Attorney for Defendant

8